UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------

GINA WETT on behalf of herself
and all others similarly situated

                Plaintiff,

       -against-

DAVID S. SHOTTEN
D/B/A DAVID S. SHOTTEN, P.C

             Defendant.

--------------------------------------------------------

**FILED**
IN CLERK'S OFFICE
U S DISTRICT CO...   ... N Y

★   MAR 0 5 2012   ⋆

LONG ISLAND OFFICE

**CV 12 1076**

**SUMMONS ISSUED**

SEYBERT

TOMLINSON

### CLASS ACTION COMPLAINT

#### *Introduction*

1.    Plaintiff seeks redress for the illegal practices of David S. Shotten concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

#### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to Continues Care of L.I., Inc.

4.    Upon information and belief, David S. Shotten is a New York attorney who does business as David S. Shotten, P.C with his principal place of business located in Islandia, New York.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly

1

owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
       1692(a)(6).

### *Jurisdiction and Venue*

7.     This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28
       U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and
       transactions that give rise to this action occurred, in substantial part, in this
       district. Venue is also proper in this district since the defendant transacts business
       in this district and the collection letter was sent into this district.

### *Allegations Particular to Gina Wett*

9.     On information and belief, on a date better known by defendant, defendant began
       attempting to collect an alleged consumer debt from the plaintiff.

10.    On or about April 25, 2011, defendant sent the plaintiff a collection letter seeking
       to collect a balance allegedly incurred for personal purposes.

11.    Said letter stated: "Please send the amount indicated above directly to our office,
       payable as follows: **"David S. Shotten for Continued Care"** or call our office
       with your credit card payment. By immediately making payment as listed above,
       you will avoid additional costs of litigation such as collection fees, court costs,
       process fees, interests, sheriff's fees, attorney's fees and others, as the case may
       be. **The recording of a judgment may affect your credit."**

12.    Said letter also states: "Unless you notify us immediately after receipt of this debt
       letter that the validity of this debt or any portion of it is disputed, we will assume

2

the debt is valid. If you do not notify us of a dispute, we will obtain verification of the debt and mail it to you." Please be advised that we are willing to speak with you about your obligation to our client. If we do not hear from you by **Friday, May 27, 2011,** we will recommend to our client that legal action be brought against you to enforce the claim **without any further notice to you.**

13. Said language confuses the plaintiff concerning his right to dispute a portion of the debt in writing.

14. Said language is confusing as it does not clearly explain to the least sophisticated consumer that in order to obtain verification of the debt a dispute must be made in writing rather the language in the letter.

15. The least sophisticated consumer would think that he or she need not dispute the debt or a portion of the debt in writing; rather the debtor would think that he must only notify the debt collector.

16. Said language contradicts the plaintiff's right to dispute the debt and seek verification thereof during the initial thirty day period.

17. Said language fails to set forth the mandated language as per § 1692g.

18. Defendant sent a second letter dated May 31, 2011.

19. Said letters states in pertinent part as follows: "Unless payment of this amount is received by the undersigned no later than Friday, June 10, 2011, a lawsuit will be brought against you in the Commercial Claims Part of the District Court or the Civil Court. . . If a lawsuit is brought, you will be notified of the hearing date and you will be entitled to appear at the hearing and present any defense you may have to this claim. **The recording of a judgment may affect your credit**."

3

20. The initial part of the language is a clear threat of legal action.

21. Upon information and belief, the defendant did not have the intention nor the authorization to commence suit against the plaintiff on behalf of Continued Care of Long Island, Inc. for a purported debt under the amount of $300.00.

22. The totality of the letter is confusing because the letter threatens definite legal action and then later states: "If a lawsuit is brought . . ."

23. To the extent possible, it does not appear that defendant has brought only one action in the Nassau County Civil Court and has a modest number of matters in the Suffolk County Supreme Court over the years.

24. Upon information and belief, defendant does not bring pedestrian collection actions for a modest amount.

25. Defendant engages in a pattern of conduct to frighten consumers into paying debts.

26. Defendant titled the said May 31, 2011 collection letter with FINAL COLLECTION NOTICE.

27. Said representation is false.

28. Defendant attached a notice to the said May 31, 2011 collection letter as follows: "We are required by law to provide you with the attached "DEMAND LETTER" prior to commencing a lawsuit. We must receive payment by the time specified in the Demand Letter. **This is your final notice.** No further communications will be forthcoming."

29. Defendant did not sue the plaintiff, but the defendant did sent the plaintiff yet another falsely threatening collection letter.

4

30. Said letter stated: "Failure to receive your payment will leave us no choice other than to recommend to our client that an immediate law suit be commenced against you. If a judgment is obtained, it will include the entire amount owed plus court costs of approximately $30.00 to $45.00, and may include service of process fees, interests, sheriff's fees, attorney's fees and other costs, as the case may be in accordance with the law. **This is a serious matter as the recording of a judgment may affect your credit.**"

31. Said language implies a threat of legal action which is false.

32. Said language implies a false sense of urgency.

33. Upon information and belief, the actions threatened in the said letter dated October 14, 2011 did not materialize up until the time of the filing of the within complaint.

34. Due to the threat of legal action and the language employed, the least sophisticated consumer would feel pressured into paying the debt when perhaps the payment of other obligations where there was no false threat of immediate suit would be more appropriate like a mortgage, rent or other payment.

35. To make matters worse, the defendant attached a notice to the October 14, 2011 letter as well to give the plaintiff another false sense of urgency.

36. Said notice states as follows: "URGENT NOTICE ATTACHED  IMMEDIATE PAYMENT REQUIRED TO AVOID FURTHER COLLECTION PROCEEDINGS."

37. The said letter series from the within defendant is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(5) for engaging in false threats,

5

1692e(10) for engaging in deceptive practices and 1692g for contradicting the plaintiff's right to dispute the debt and fails to set forth the address in order to obtain verification of the debt.

38. In addition each of the letters contains a facsimile signature of the defendant.

39. The defendant sent the above referenced letters to the plaintiff which was mass produced and computer generated allegedly from defendant.

40. That mass-produced computer generated letters bearing a typewritten signature was forwarded to the plaintiff.

41. Upon information and belief, that said letters were mass-produced, computer generated letter, and were designed to give the impression that said letter was forwarded by an attorney when said letter was not personally reviewed by an attorney.

42. That upon information and belief neither defendant nor any attorney admitted to practice law reviewed the plaintiff's alleged delinquent account prior to the dates of the letters at issue.

43. Upon information and belief no attorney associated with the defendant reviewed the plaintiff's account prior to the sending of the initial letter nor the subsequent letters to the plaintiff.

44. Defendant has personally approved the text of the letters and/or allowed his letterhead to be used knowing that the files have not been reviewed by an attorney and has personally condoned this unsavory scheme against consumers.

45. Said collection practice is further in violation of 1692e(3).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of herself and the members of a class, as against the defendant.*

46. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-43 as if set forth fully in this Cause of Action.

47. This cause of action is brought on behalf of plaintiff and the members of a class and sub-classes.

48. The class consists of consumers who received the same initial form letter, as did the plaintiff and the sub-classes are for those members who received the subsequent letters.

49. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about April 25, 2011; (b) the collection letter was sent to a consumer seeking payment of a personal debt owed to Continued Care; and (c) the collection letter was not returned by the postal service as undelivered, (d) and the plaintiff asserts that the letter contained violations of 15 U.S.C. § 1692e(3), 1692e(5) 1692e(10), and 1692g.

50. Sub-class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about May 31, 2011; (b) the collection letter was sent to a consumer seeking payment of a personal debt owed to Continued Care; and (c)

7

the collection letter was not returned by the postal service as undelivered, (d) and the plaintiff asserts that the letter contained violations of 15 U.S.C. § 1692e(3), 1692e(5) and 1692e(10).

51.    Sub-class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about May 31, 2011; (b) the collection letter was sent to a consumer seeking payment of a personal debt owed to Continued Care; and (c) the collection letter was not returned by the postal service as undelivered, (d) and the plaintiff asserts that the letter contained violations of 15 U.S.C. § 1692e(3), 1692e(5) and 1692e(10).

52.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letters that are at the heart of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

8

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

53.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55.    Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Violations of the Fair Debt Collection Practices Act

56.    The defendant's actions violate the Fair Debt Collection Practices Act.

57.    Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

9

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and on behalf of the members of the class, and against the defendant and award damages as follows:

(a)   Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
February 29, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein  (AF-9508)

## DAVID S. SHOTTEN, P.C.
### ATTORNEY AT LAW
————————

**1707-26 VETERANS MEMORIAL HIGHWAY
ISLANDIA, NEW YORK 11749-1531
(631) 234-0693
FAX: (631) 234-0694
E-MAIL: SHOTTENLAW@AOL.COM**

April 25, 2011

Gina Wett
404 Pacific Street
Massapequa, NY 11762

> Re: <u>Our Client:</u>  Continued Care Of L.I., Inc.
> <u>Patient:</u>  Gina Wett
> <u>Debtor:</u>  Gina Wett
> <u>Total Due:</u>  $ 293.97

Dear Gina Wett:

Continued Care Of L.I., Inc. has retained our office to collect their claim against you. Do not contact our client directly as your file is now in our possession.

Please send the amount indicated above directly to our office, payable as follows: **"David S. Shotten for Continued Care"** or call our office with your credit card payment. By immediately making payment as listed above, you will avoid additional costs of litigation such as collection fees, court costs, process fees, interest, sheriff's fees, attorney's fees and others, as the case may be. **The recording of a judgment may affect your credit.**

Unless you notify us immediately after receipt of this letter that the validity of this debt, or any portion of it is disputed, we will assume the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you.

Please be advised that we are willing to speak with you about your obligation to our client. If we do not hear from you by <u>Friday, May 27, 2011</u>, we will recommend to our client that legal action be brought against you to enforce the claim <u>without any further notice to you.</u>

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,

DAVID S. SHOTTEN
dss/kss

<u>Our Reference #:  CC0411</u>

## Commercial Claim Arising Out Of A Consumer Transaction

### FINAL DEMAND NOTICE

May 31, 2011

Gina Wett
404 Pacific Street
Massapequa, NY 11762

  **Re:**  <u>Patient: Gina Wett</u>

Dear Gina Wett:

  You have not paid a debt owed to Continued Care Of Long Island, Inc. The amount remaining unpaid on the debt is $ 293.97. Demand is hereby made that this money be paid. Unless payment of this amount is received by the undersigned no later than <u>Friday, June 10, 2011</u>, a lawsuit will be brought against you in the Commercial Claims Part of the District Court or the Civil Court. If we obtain a judgment against you, it will include the entire amount owed, court costs of $30.00 - $45.00, and may also include service of process fees, interest, sheriff's fees, attorney's fees and other costs, as the case may be in accordance with the law.

  Please send the amount indicated above directly to our office, payable as follows: **"David S. Shotten for Continued Care"**, or call us immediately with your credit card payment.

  If a lawsuit is brought, you will be notified of the hearing date and you will be entitled to appear at the hearing and present any defense you may have to this claim. **The recording of a judgment may affect your credit.**

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



DAVID S. SHOTTEN, P.C
Attorney For Continued Care Of L. I., Inc.
1707-26 Veterans Memorial Highway
Islandia, NY 11749-1531
(631) 234-0893

<u>Our Reference #: CC0411</u>

## Commercial Claim Arising Out Of A Consumer Transaction

### FINAL DEMAND NOTICE

May 31, 2011

Gina Wett
404 Pacific Street
Massapequa, NY 11762

    Re:    Patient: Gina Wett

Dear Gina Wett:

    You have not paid a debt owed to Continued Care Of Long Island, Inc. The amount remaining unpaid on the debt is $ 293.97. Demand is hereby made that this money be paid.

### DAVID S. SHOTTEN, P.C.
#### ATTORNEY AT LAW
••••••••••
#### 1707-26 VETERANS MEMORIAL HIGHWAY
#### ISLANDIA, NEW YORK 11749-1531
#### (631) 234-0893
#### FAX: (631) 234-0894

### NOTICE:

We are required by law to provide you with the attached "DEMAND LETTER" prior to commencing a lawsuit. We must receive payment by the time specified in the Demand Letter. **This is your final notice.** No further communications will be forthcoming.

to appear at the hearing and present any defense you may have to this claim. The result of a judgment may affect your credit.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

DAVID S. SHOTTEN, P.C
Attorney For Continued Care Of L. I., Inc.
1707-26 Veterans Memorial Highway
Islandia, NY 11749-1531
(631) 234-0893

Our Reference #: CC0411

# DAVID S. SHOTTEN, P.C.
## ATTORNEY AT LAW
### 1707-26 VETERANS MEMORIAL HIGHWAY
### ISLANDIA, NY 11749-1531
### (631) 234-0893
### FAX: (631) 234-0894
### E-MAIL: SHOTTENLAW@AOL.COM

** * * * * * * * * * * * * * * * * * * * * * * ****** * *

:    <u>FINAL DEMAND FOR PAYMENT</u>    :

* * * * * * * * * * * * * * * * * * * * * * * * *******

October 14, 2011

Gina Wett
404 Pacific Street
Massapequa, NY 11762

      Re:    <u>Our Client:</u>   Continued Care Of L.I., Inc.
               <u>Patient:</u>    Gina Wett
               <u>Debtor:</u>    Gina Wett
               <u>Total Due:</u>    <u>$ 293.97</u>

Dear Gina Wett:

You have failed and stubbornly refused to respond to our previous demand letters and to our client's invoices, communications and statements.  Be advised that this is your last opportunity to pay your debt prior to our reporting to our client your refusal to pay.  Until payment is received in full, the status of your account shall remain in default.

The amount indicated above must be received in our office by <u>Friday, October 28, 2011</u>. Checks are to be mailed to our office at the above address, made payable to "DAVID S. SHOTTEN for CONTINUED CARE", or call us with your credit or debit card payment.  In some cases, a payment plan may be considered.

Failure to receive your payment will leave us no choice other than to recommend to our client that an immediate lawsuit be commenced against you.  If a judgment is obtained, it will include the entire amount owed plus court costs of approximately $30.00 to $45.00, and may include service of process fees, interest, sheriff's fees, attorney's fees and other costs, as the case may be in accordance with the law.  **This is a serious matter as the recording of a judgment may affect your credit.**

THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Very truly yours,

DAVID S. SHOTTEN
dss/kss
<u>Our Reference #: CCMF</u>

# DAVID S. SHOTTEN, P.C.
## ATTORNEY AT LAW
1707-26 VETERANS MEMORIAL HIGHWAY
ISLANDIA, NY 11749-1531
(631) 234-0893
FAX: (631) 234-0894
E-MAIL: SHOTTENLAW@AOL.COM

** * * * * * * * * * * * * * * * * * * * * * * * ******* * *
:        FINAL DEMAND FOR PAYMENT        :
** * * * * * * * * * * * * * * * * * * * * * * * *******

October 14, 2011

Gina Wett
404 Pacific Street
Massapequa, NY 11762

Re:    Our Client:    Continued Care Of L.I., Inc.
       Patient:       Gina Wett
       Debtor:        Gina Wett

**DAVID S. SHOTTEN, P.C.**
**ATTORNEY AT LAW**

**URGENT NOTICE ATTACHED**

**IMMEDIATE PAYMENT REQUIRED TO**
**AVOID FURTHER COLLECTION PROCEEDINGS**

SHOTTEN for CONTINUED CARE", or call us with your credit or debit card payment. In some cases, a payment plan may be considered.

Failure to receive your payment will leave us no choice other than to recommend to our client that an immediate lawsuit be commenced against you. If a judgment is obtained, it will include the entire amount owed plus court costs of approximately $30.00 to $45.00, and may include service of process fees, interest, sheriff's fees, attorney's fees and other costs, as the case may be in accordance with the law. This is a serious matter as the recording of a judgment may affect your credit.

THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Very truly yours,

DAVID S. SHOTTEN
dss/kss
Our Reference #:  CCMF